UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA K. WELLS et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV382HEA |
| ) | |
| SKYJACK, INC., et al., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File a Third Amended Complaint and/or for Sanctions for Spoliation [Doc. No. 46], filed on June 8, 2010. Defendant has filed a Memorandum in Opposition to the Motion [Doc. No. 48], and a Memorandum in Opposition to Sanctions [Doc. No. 49].

On August 26, 2010, this Court held a hearing on Plaintiff's motion. Defendants Bolzenius and Sons Electric, Inc.[1] ("Bolzenius") were present through counsel. At that hearing, Plaintiffs urged the Court to allow a newly included cause of action for intentional spoliation of evidence. This cause of action stems from the destruction of the control box that operated the scissor lift decedent Doug Wells was using at the time of his untimely death. Prior to the destruction of the evidence, Defendant Bolzenius received an order from the Workers Compensation Commission to allow inspection of the lift; and counsel for defendant sent a letter to Plaintiff's counsel indicating the evidence would be

---

[1] A Missouri corporation d/b/a BO CO Electrical & Mechanical, d/b/a BOCO, Inc.

preserved to avoid a spoliation claim against his client. Despite a subpoena from the Workers Compensation Commission, and against the instruction of his counsel, Defendant Bolzenius discarded the control box into the dumpster, and it was ultimately destroyed.

Counsel for Plaintiffs contend leave should be granted to allow them to include their spoliation claim; they are entitled to an adverse inference against Defendant Bolzenius in an amended complaint; and allege that the Court should sanction Bolzenius for its destruction of key evidence. Counsel for Defendant Bolzenius argues that the motion for leave should be denied as untimely; that the spoliation claim fails because Plaintiff cannot show a causal connection between the alleged spoliation and their inability to prevail in this suit; and, therefore, the motion for sanctions should be denied as well.

Missouri case law indicates that "[i]f a party has intentionally spoliated evidence, indicating fraud and a desire to suppress the truth, that party is subject to an adverse evidentiary inference." *Baugher v. Gates Rubber Co., Inc.*, 863 S.W.2d 905, 907 (Mo.App.1993) (citing *Brown v. Hamid*, 856 S.W.2d 51, 56-57 (Mo. banc 1993)). Although the Missouri courts have never recognized intentional spoliation of evidence as a tort, the courts have heard cases where the spoliation tort was alleged but found that the essential elements required for intentional spoliation were either not alleged, or could not be proved. *Fisher v.Bauer Corporation,* 239 S.W. 3d 693, 701 (Mo. App. E.D. 2007). While the Missouri courts have never recognized this tort, the court in *Pikey v. Bryant* ,

203 S.W. 3d 817, 824 (Mo. App. S.D. 2006) opined that any petition purporting to state a cause of action for this tort must show, at a minimum, some type of causal relationship between the intentional spoliation of evidence and an impairment of the injured party's ability to prosecute the underlying suit.

Plaintiffs argue that the destruction of the control box materially impacts their ability to prosecute the case. They contend that with an inspection of the control box, their experts could refute certain arguments asserted by Defendant Bolzenius. Specifically, Plaintiffs cite the following arguments: (1) The deceased Plaintiff inserted the screw himself into the lift enable button; (2) Plaintiffs cannot prove that the up/down button stuck in the up position at the time of this incident; and (3) Defendant had no knowledge that the up/down button stuck prior to the incident.

At the hearing on August 26, 2010, both parties agreed to reduce to writing those items that were agreed upon. Defendant Bolzenius's Sur Sur-Reply [Doc. No. 88] addresses some of these items. Specifically, Defendant admits that there was a screw in the enable button when decedent Wells used it, and that it had been used by Defendant's employees in that manner before the date of the incident. Furthermore, Defendant admitted in court, and in his sur sur-reply, that prior to decedent Wells's accident, the up/down button on the control box stuck intermittently.

In addition to Defendant's admissions, much of the discovery conducted up to this stage of the litigation has already revealed the material facts regarding the control box.

Both parties have conducted hours of depositions with Defendant Bolzenius, a number of Defendant's employees, and various experts. Additionally, there was an inspection of the scissor lift and its controls by a representative from Wiese, a material handling equipment company, prior to the destruction of the control box. Wiese's inspection report, and the deposition of their representative, revealed several mechanical flaws within the equipment.

The issue now before the Court is whether the destruction of the control box materially alters Plaintiff's ability to prosecute the case. In light of the facts above, the destruction of the control box does not materially alter Plaintiff's ability to prosecute the case. Many of the issues raised by Plaintiff's counsel regarding inspection of the control box have been resolved by Defendant's admissions and facts uncovered throughout discovery. For example, all three of the arguments listed above, that Plaintiff contends Defendant will assert, are now moot in light Defendant's admission that the screw was inserted to the enable button prior to decedent Wells's use of the machine, and their admission that the up/down switch stuck intermittently prior to the accident.

Based on the Defendant's admissions, the information obtained from the numerous depositions taken with experts and Defendant's employees, and Wiese's inspection report of the control box, there is no causal relationship between the alleged intentional spoliation of evidence and an impairment of the Plaintiff's ability to prosecute the underlying suit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's spoliation claim is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **DENIED.**

Dated this 7th day of September, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE